IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| LARRY KLAYMAN, | ) | CASE NO. 5:13 CV 0267 |
| | ) | |
| Plaintiff, | ) | JUDGE WM. TERRELL HODGES |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | PHILIP R. LAMMENS |
| LAWRENCE R. LOEB, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISQUALIFY DEFENDANT'S OUT-OF-STATE COUNSEL;
ALTERNATIVE MOTION TO CERTIFY AN IMMEDIATE INTERLOCUTORY
APPEAL; AND MOTION TO STRIKE ALL PLEADINGS FILED BY
DEFENDAN'TS COUNSEL**

**STATEMENT OF FACTS AND PROCEEDINGS**

Plaintiff Larry Klayman filed this lawsuit against defendant Lawrence R. Loeb in

connection with a Magistrate's Decision issued by Magistrate Loeb in 2010 that determined

certain post-divorce decree child custody proceedings that had been referred to Magistrate Loeb

by the judge of the Ohio Court of Common Pleas for Cuyahoga County, Domestic Relations

Division, who was assigned to hear the case.

Under Ohio law, the county prosecuting attorney is the legal adviser of all county officers

and "shall prosecute and defend all suits and actions" to which a county officer is a party.  See §

1

309.09(A), OHIO REV. CODE.  The Supreme Court of Ohio has ruled that a judge of the court of common pleas is a county officer for purposes of R.C. 309.09(A).  *See State ex rel. Gains v. Maloney*, 102 Ohio St.3d 254, 2004-Ohio-2658, 809 N.E.2d 24, ¶ 12.  Because Magistrate Loeb is "county officer" within the meaning of R.C. 309.09(A), Cuyahoga County Assistant Prosecuting Attorney Charles E. Hannan entered his Special Appearance as counsel for Magistrate Loeb in this case pursuant to Rule 2.02(a) of the Local Rules of the United States District Court for the Middle District of Florida.

On August 1, 2013, Klayman filed "Plaintiff's Motion to Disqualify Defendant's Out-Of-State Counsel or, in the Alternative, to Certify an Immediate Interlocutory Appeal, and Motion to Strike All Pleadings Filed By Defendant's Counsel," ECF # 12 (hereafter "Motion to Disqualify").  According to Klayman's motion, an "apparent conflict of interest" and "blatant violations of the Florida Rules of Professional Conduct" require attorney Hannan's disqualification from this case.[1]

Contrary to Klayman's allegations, however, there are no good grounds to disqualify attorney Hannan from continuing to represent Magistrate Loeb in this case.  For the reasons discussed hereafter, Klayman's motion to disqualify attorney Hannan, the alternative motion to certify an immediate interlocutory appeal, and motion to strike all of the defendant's pleadings should be denied.

---

[1] Klayman's Motion to Disqualify does not contest local counsel Kim M. Hastings's representation of Magistrate Loeb in this case.

## ARGUMENT AND LAW

Klayman's Motion to Disqualify essentially contends that because the Cuyahoga County Prosecuting Attorney declined to present to a grand jury for possible indictment information concerning Klayman's alleged conduct as reported during the course of bitterly contested child custody proceedings, that should disqualify Assistant Prosecuting Attorney Hannan – who had no involvement whatsoever with any possible grand jury proceedings – from representing Magistrate Loeb in this case.   Klayman's motion does not provide any legitimate grounds to disqualify attorney Hannan from representing Magistrate Loeb in this case.  For the reasons that follow, defendant Loeb respectfully requests that this Court deny Klayman's motion to disqualify attorney Hannan; Klayman's alternative motion to certify an immediate interlocutory appeal; and his motion to strike all of the defendant's pleadings.

## I.    THERE IS NO BASIS FOR DISQUALIFYING ATTORNEY HANNAN.

As it relates to motions to disqualify counsel, the court in *Bedoya v. Aventura Limousine & Transportation Service, Inc.*, 861 F.Supp.2d 1346 (S.D.Fla.2012), set forth the applicable legal standards relevant to such proceedings in the following terms:

> Under Florida law, "[a]n order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct." *Morse v. Clark*, 890 So.2d 496, 497 (Fla. 5th DCA 2004) (citing *City of Lauderdale Lakes v. Enter. Leasing Co.*, 654 So.2d 645 (Fla. 4th DCA 1995); *Cazares v. Church of Scientology of Cal., Inc.*, 429 So.2d 348 (Fla. 5th DCA 1983)).  "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F.Supp.2d 1309, 1310 (s.D.Fla.2010) (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir.2003)).  Faced with a motion to disqualify, a court must "be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir.1976). "Disqualification of one's chosen counsel is a drastic remedy that should be resorted to sparingly." *Armor Screen*, 709 F.Supp.2d at 1310 (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir.1982)).  "Because a

> party is presumptively entitled to the counsel of his choice, that right may be
> overridden only if compelling reasons exist." *BellSouth*, 334 F.3d at 961 (internal
> quotation marks and citations omitted). Furthermore, "[s]uch motions are
> generally viewed with skepticism because … they are often interposed for tactical
> purposes." *Young Enters., Inc. v. Georgalis*, 988 So.2d 1180, 1183 (Fla. 1st DCA
> 2008) (internal quotation marks, brackets, and citations omitted).

*Bedoya v. Aventura Limousine & Transportation Service, Inc.*, 861 F.Supp.2d at 1350.

In this case, Klayman's Motion to Disqualify makes a variety of drive-by allegations yet fails to demonstrate in any way that attorney Hannan's representation of Magistrate Loeb in this case would violate the cited Florida Rules of Professional Conduct. Each of Klayman's allegations will be addressed with particularity in the discussion that follows. For the reasons explained hereafter, none of Klayman's allegations have any legal merit.

## A.    Rule 4-1.11 of the Florida Rules of Professional Conduct

Klayman first argues that Rule 4-1.11 of the Florida Rules of Professional Conduct mandate attorney Hannan's disqualification. See Motion to Disqualify at pp. 4-5. Rule 4-1.11 addresses special conflicts of interest that may arise when a lawyer moves to or from public service. For the reasons that follow, attorney Hannan's representation of Magistrate Loeb does not violate that rule in any respect.

To begin, subdivision (a) of Rule 4-1.11 generally prohibits a lawyer who has formerly served as a public officer from representing a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee unless the appropriate government agency gives its informed consent. That subsection has no application here because attorney Hannan is a current government lawyer, not a former government lawyer; did not participate in any way with the decision not to take Klayman's case before the grand jury; and is not representing any client in connection with any grand jury proceeding.

Subdivision (b) of Rule 4-1.11 provides that if a lawyer is disqualified from representing a client under subdivision (a), then no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in that matter unless the disqualified lawyer is screened off and the appropriate government agency is given prompt written notice.  Because subdivision (a) has no application here for the reasons just discussed, subdivision (b) is likewise inapplicable.

Subdivision (c) of Rule 4-1.11 prohibits a lawyer who acquired confidential government information about a person when the lawyer was a public officer or employee from representing a private clients whose interests are adverse to that person in matter in which the information could be used to the material disadvantage of that person.  Klayman's motion does not provide any facts to suggest that attorney Hannan acquired any "confidential government information" about anyone – including Klayman – because there are no facts that would substantiate such an assertion.  Beyond that, attorney Hannan is representing a county officer for actions taken in his official capacity, regardless of Klayman's attempt to suggest otherwise.

Klayman's motion refers to the following Comments:

> This rule represents a balancing of interests.  On the one hand, where the successive clients are a government agency and another client, public or private, the risk exists that power or discretion vested in that agency might be used for the special benefit of the other client.  A lawyer should not be in a position where benefit to the other client might affect performance of the lawyer's professional functions on behalf of the government.  Also, unfair advantage could accrue to the other client by reason of access to confidential government information about the client's adversary obtainable only through the lawyer's government service.

See Florida Professional Conduct Rule 4-1.11, Comments.

These comments, and indeed the Rule itself, are plainly directed to the situation in which a lawyer moves to or from public service in order to address the conflicts that may arise from such employment transitions.  But the Rule and Comments have no application here because

attorney Hannan has not transitioned from representing one client, public or private, to representing another client, public or private. The only client attorney Hannan has represented pertinent to this matter is Magistrate Loeb. Klayman's motion does not furnish any proper grounds to warrant attorney Hannan's disqualification under Rule 4-1.11.

**B.    Rule 4-1.7 of the Florida Rules of Professional Conduct**

Klayman next argues that an "imminent" conflict of interest warrants attorney Hannan's disqualification under Florida Professional Conduct Rule 4-1.7. See Motion to Disqualify at p. 5. That rule concerns conflicts that may arise from an attorney's representation of multiple current clients. For the reasons that follow, Klayman's contention is utterly without merit.

In particular, Rule 4-1.7 generally forbids a lawyer from representing multiple current clients whose interests are in conflict. Rule 4-1.7(a) reads as follows:

Except as provided in subdivision (b), a lawyer shall not represent a client if:

(1) the representation of 1 client will be directly adverse to another client; or

(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Florida Professional Conduct rule 4-1.7.

That rule is utterly inapplicable here because there is no suggestion that attorney Hannan is representing multiple clients whose interests are adverse or that his representation of one client would be materially limited by his responsibilities to another current or former client, third person, or personal interest.

Klayman's motion refers to Comments relating to Loyalty to a client wherein it is stated that "a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated." See Motion to Disqualify at p. 5. That comment is

utterly inapposite here.  Attorney Hannan would not be acting as an advocate against any other client that Hannan currently represents.

Klayman's motion provides no grounds for attorney Hannan's disqualification under Rule 4-1.7.

**C.**    **Rule 4-1.9, 4-1.10, and 4-3.7 of the Florida Rules of Professional Conduct**

Klayman then suggests that attorney Hannan's disqualification is warranted under Rule 4-1.9, Rule 4-1.10, and Rule 4-3.7 of the Florida Rules of Professional Conduct.  See Motion to Disqualify at p. 6.  None of those rules warrant disqualification here.

More specifically, Rule 4-1.9 concerns conflicts of interest that may arise from an attorney's representation of a former client.  Rule 4-1.9 provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Florida Professional Conduct Rule 4-1.9.[2]

That rule is utterly inapplicable here.  Klayman's motion does not identify any "former client" attorney Hannan has represented that would preclude Hannan from representing Magistrate Loeb in this case.  Klayman does not explain (a) how attorney Hannan's representation of the unidentified former client would prevent Hannan from representing Magistrate Loeb in this case, let alone how the interests of those clients would be materially

---

[2] *See, e.g.*, *Paul v. Judicial Watch, Inc.*, 571 F.Supp.2d 17 (D.C.2008) (disqualifying Klayman from representing current client against former client).

adverse to one another; (b) how any information acquired by attorney Hannan in representing Magistrate Loeb here could be used to the disadvantage of the unidentified former client; or (c) how information relating to the unidentified former client representation would be revealed improperly in this case.

Klayman refers to the Rule 4-1.9 Comments, which note that "[m]atters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." See Motion to Disqualify at p. 6. Klayman does explain how attorney Hannan's representation of Magistrate Loeb in this case would require Hannan to attack work that Hannan performed for the still unidentified former client.

And to the extent Klayman means to suggest that Hannan's representation of Magistrate Loeb would require Hannan to "attack" the Prosecuting Attorney's decision not to present Klayman's case to the grand jury, Klayman is wrong. There is no conflict in Magistrate Loeb's finding that "on more than one occasion [Klayman] acted in a grossly inappropriate manner with the children," even though that conduct may not have been intended for purposes of sexual gratification for which *criminal* culpability would lie. *See Klayman v. Luck*, 8th Dist. Nos. 97074, 97075, 2012-Ohio-3354, 2012 WL 3040043 (Jul. 26, 2012), ¶ 25.

At any rate, Klayman's motion does not provide any grounds to disqualify Hannan under Rule 4-1.9.

Klayman's reliance on Florida Professional Conduct Rule 4-1.10 is misplaced. Subdivision (a) of that rule generally imputes an attorney's disqualifying conflict of interest under Rule 4-1.7 or Rule 4-1.9 to other associated firm lawyers. But because Klayman has not demonstrated any disqualifying interest under either Rule 4-1.7 or Rule 4-1.9, there can be no

imputed disqualification to some other lawyer under Rule 4-1.10.  Subdivision (b) provides that when a lawyer becomes associated with a firm, the firm may not knowingly represent a client in the same or substantially related matter in which the lawyer, or the lawyer's former firm, represented a client whose interests are materially adverse to the prospective client and about whom the lawyer had acquired protected information that is material to the matter.  Klayman fails to provide any explanation as to how that rule is even remotely relevant to this case.

Klayman then suggests that disqualification is warranted under Rule 4-3.7.  Rule 4-3.7(a) provides as follows:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (4) disqualification of the lawyer would work substantial hardship on the client.

Florida Professional Conduct Rule 4-3.7(a).  Rule 4-3.7(b) provides that a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 4-1.7 or 4-1.9.

In *Merrett v. Liberty Mut. Ins. Co.*, No. 3:10-CV-1195-J-34MCR, 2013 WL 2710717 (M.D.Fla. Jun. 12, 2013), the court observed:

> The focus of the analysis under Rule 4-3.7 is on the prejudice to the client, not prejudice to the opposing side who may call the attorney as a witness.  Thus, where the client does not intend to call his attorney as a witness, Rule 4-3.7 is not implicated.  [*Etkin & Company, Inc. v. SBD LLC*, No. 11-21321-CIV, 2012 WL 5398966, * 3 (S.D.Fla. Nov. 5, 2012)].  Additionally, "[t]he requirement that a

lawyer withdraw when he expects to be a witness was not intended to permit an opposing party to call him as a witness and disqualify him from serving as counsel." *AlliedSignal Recovery Trust v. AlliedSignal, Inc.*, 934 So.2d 675, 680 (Fla. DCA 2006).

*Merrett*, *supra* at * 2.

In the instant case, Rule 4-3.7 is inapplicable because attorney Hannan is not a witness to any matter relevant to this case and there is no reason to expect that Magistrate Loeb will call attorney Hannan to testify as a witness.  Nor is there any reason to think that Magistrate Loeb will call any other lawyer in the Cuyahoga County Prosecutor's Office to testify in this case. The mere fact that Klayman might want to call another lawyer in the Prosecutor's Office to testify – about the uncontested fact that Klayman was not indicted by the grand jury – does not mandate attorney Hannan's withdrawal or disqualification from representing Magistrate Loeb in this case.

Contrary to Klayman's contention, the Cuyahoga County Prosecutor has no "clear cut conflict of interest" in representing Magistrate Loeb in this case.  And contrary to Klayman's contention, the fact that the government may lack of evidence of criminality warranting presentation to a grand jury and proof of guilt beyond a reasonable doubt does not mean that Klayman was "cleared *** of any wrongdoing."  See Motion to Disqualify at p. 6.  Nor does that impair counsel's ability to represent Magistrate Loeb, whose findings of Klayman's inappropriate behavior with the children were reviewed and upheld by the Ohio courts.  So whatever vindication Klayman may perceive from having escaped indictment, that fact does not preclude attorney Hannan from representing Magistrate Loeb against Klayman's spurious allegations in this case.

Klayman's motion to disqualify attorney Hannan should accordingly be denied.

## II.   THERE IS NO BASIS FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL TO THE SUPREMECOURT OF FLORIDA.

Klayman argues that if his motion for disqualification is denied, then this Court should certify that order, apparently pursuant to Rule 9.125 of the Florida Rules of Appellate Procedure. See Motion to Disqualify at p. 7.  That rules "applies to any order or judgment of a trial court that has been certified by the district court of appeal to require immediate resolution by the supreme court because the issues pending in the district court are of great public importance or have a great effect on the proper administration of justice throughout the state."  See Rule 9.125(a), Fla.R.App.P.

Denying Klayman's baseless motion for disqualification of counsel hardly presents an issue of great public importance having a great effect on the proper administration of justice in the State of Florida.  Klayman does not cite any other instance where a court's denial of a motion to disqualify counsel demanded immediate submission to the Supreme Court of Florida without regard to remedies available in the ordinary course of the law.  Klayman's request for certification under Fla.R.App.P. 9.125(a) should accordingly be denied.

Similarly, Klayman's motion to strike defendant's court filings and pro hac vice admission should be denied.  Counsel has complied with all applicable rules for this limited appearance and has not violated any of the Rules of Professional Conduct raised by Klayman.

## CONCLUSION

Klayman's demand that Magistrate Loeb "should be required to retain other counsel," see Motion to Disqualify at p. 1, merely confirms that Klayman's pursuit of this case is driven by spite against Magistrate Loeb.  Klayman filed this case in a distant forum that lacks personal jurisdiction over Magistrate Loeb and that indeed lacks any proper basis for venue.  Despite Klayman's apparent attempt to make this case as inconvenient and costly as possible to Magistrate Loeb, Klayman has utterly failed to establish legitimate grounds to disqualify attorney Hannan from representing Magistrate Loeb in this case.

Defendant Lawrence R. Loeb accordingly urges this Court to deny Plaintiff's motion to disqualify defendant's out-of-state counsel; alternative motion to certify an immediate interlocutory appeal; and motion to strike all pleadings filed by defendant's counsel.

Respectfully submitted,

TIMOTHY J. McGINTY, Prosecuting Attorney
of Cuyahoga County, Ohio

By:      /s/ Charles E. Hannan
CHARLES E. HANNAN (Ohio Bar No. 0037153)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
Tel: (216) 443-7758/Fax: (216) 443-7602
E-mail: channan@prosecutor.cuyahogacounty.us

By:      /s/ Kim M. Hastings
KIM M. HASTINGS (Florida Bar 0698253)
KIM M. HASTINGS, P.A.
23241 Marsh Landing Blvd.
Estero, Florida 33928
Tel: (239) 947-9195/Fax: (800) 851-7484
kmhastings@kmhlegal.com

*Attorneys for Defendant*

12

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the  15th  day of August 2013, the foregoing Defendant's Memorandum in Opposition to Plaintiff's Motion to Disqualify Defendant's Out-Of-State Counsel; Alternative Motion to Certify an Immediate Interlocutory Appeal; and Motion to Strike All Pleadings filed by Defendant's Counsel was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


 /s/ Charles E. Hannan               
CHARLES E. HANNAN
Assistant Prosecuting Attorney


/s/ Kim M. Hastings               
KIM M. HASTINGS