IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| LARRY KLAYMAN, | ) | CASE NO. 5:13 CV 0267 |
| | ) | |
| Plaintiff, | ) | JUDGE WM. TERRELL HODGES |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | PHILIP R. LAMMENS |
| LAWRENCE R. LOEB, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT LOEB'S REPLY BRIEF IN SUPPORT OF
DISPOSITIVE MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(2); 12(b)(3); AND/OR 12(b)(6)**

Pursuant to the Order issued on October 4, 2013, defendant Loeb respectfully submits

this Reply Brief in support of his dispositive motion to dismiss this case pursuant to Fed.R.Civ.P.

12(b)(2); 12(b)(3); and/or 12(b)(6).  This brief will serve as defendant's response to "Plaintiff's

Opposition to Defendant's motion to Dismiss," ECF # 16 (hereafter "Plaintiff's Opposition"),

and to plaintiff's "Supplemental Memorandum Setting Forth New Case Authority Showing

Judicial Immunity Does Not Apply," ECF # 19-1 (hereafter "Plaintiff's Supplemental

Memorandum").

With regard to Plaintiff's Opposition, the first eight (8) pages basically restate the allegations in plaintiff's Complaint.   Defendant will not respond substantively to those allegations at this time other than to say that they are legally immaterial to the issues presented by defendant's pending motion to dismiss.

A.      **Personal Jurisdiction**

Turning directly to the issues that are material to the defendant's motion to dismiss, plaintiff maintains that this Court has personal jurisdiction over defendant Loeb.  See Plaintiff's Opposition at pp. 8-14.   With regard to Florida's long-arm statute, plaintiff argues that jurisdiction is proper under Fla. Stat. § 48.193(1)(b) and (f)(2).   Contrary to plaintiff's contention, however, neither provision confers proper jurisdiction over defendant Loeb in this case.

In particular, § 48.193(1)(b) authorizes the exercise of jurisdiction when a person commits a tortious act in Florida.  Relying on *Wendt v. Horowitz*, 822  So.2d 1252 (Fla.2002), plaintiff insists that a "nonresident defendant's telephonic, electronic, or written communications *into* Florida" provides a basis for jurisdiction under § 48.193(1)(b).  See Plaintiff's Opposition at p. 9 (emphasis in original).   According to plaintiff, "the internet poses a more pervasive communication medium for purposes of contemplating whether there is a communication into the state."  Id.  Plaintiff's argument is fundamentally misguided for several reasons.

To begin, there is no basis to suggest that Magistrate Loeb directed any "telephonic, electronic, or written communications into Florida."  Plaintiff assuredly does not identify any telephonic communications made by Magistrate Loeb into Florida.  And whatever effect the internet may have, Klayman does not allege that Magistrate Loeb (or the Cuyahoga County Domestic Relations Court) posted Magistrate Loeb's June 9, 2010 decision on the internet.  To

the contrary, an examination of the website for the Cuyahoga County Clerk of Court confirms that Magistrate Loeb's June 9, 2010 Magistrate's Decision is ***not*** viewable online.   See http://coc.cuyahogacounty.us/, last viewed on October 10, 2013.  Nor is there any suggestion that Magistrate Loeb even mailed a copy of his decision to the State of Florida.[1]

In short, Klayman does not provide any factual basis whatsoever to find that Magistrate Loeb committed any tortious act in the State of Florida.  Consequently, Klayman's reliance on § 48.193(1)(b) is not well taken.

Klayman next argues that long-arm jurisdiction is proper under § 48.193(1)(f)(2), which authorizes the exercise of jurisdiction when the defendant causes injury to persons or property within Florida arising out of an act or omission outside Florida if, at or about the time of the injury, "[p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use."  Klayman cannot articulate any plausible basis for this provision to apply here.  Magistrate Loeb plainly did not process, service, or manufacture any products, materials or things for use or consumption in the ordinary course of commerce, trade, or use.  Magistrate Loeb wrote a decision that recommended certain disposition of pending post-divorce decree child custody motions.  § 48.193(1)(f)(2) has no application whatsoever to these facts.

Finally, Klayman argues that Magistrate Loeb has established sufficient "minimum contacts" with Florida to make the exercise of personal jurisdiction lawful under the Fourteenth Amendment to the United States Constitution.  Klayman does not identify any conduct of Magistrate Loeb that was purposely directed at Florida residents.  That Klayman sees himself as

---

[1] Indeed, an examination of the Cuyahoga County Clerk of Court's appearance docket for Domestic Relations Court Case No. 07 DR 316840, captioned Larry Elliot Klayman vs. Stephanie Ann Luck, reveals that notice of Magistrate Loeb's decision was issued to Klayman's counsel located in Akron, Ohio; Ms. Luck's counsel located in Cleveland, Ohio; and to Klayman himself at an address in Washington, D.C. – but that mailing was returned by the U.S. Postal Service on June 15, 2010 for "failure of service."  See June 15, 2010 docket entry.

a high-profile resident of the State of Florida may say much about him but says nothing about Magistrate Loeb.

And whether Magistrate Loeb "was a member of the American Arbitration Association" and a "member of the Federal Mediation and Conciliation Services Labor Panels" hardly establishes that Magistrate Loeb purposely directed activities towards citizens of the State of Florida.  There is assuredly no factual basis here to find that Magistrate Loeb purposely directed his activities in hearing this post-decree child custody proceeding in Cuyahoga County, Ohio towards citizens of the State of Florida.

Because Plaintiff's Opposition does not furnish any basis for the exercise of personal jurisdiction over defendant Loeb, plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

**B.    Venue**

Plaintiff insists that venue is proper here because "a substantial part of the events or omissions giving rise to the claims occurred" in Florida.  See 28 U.S.C. § 1391(b)(2).  Contrary to plaintiff's contention, however, no part of the events giving rise to plaintiff's supposed claims occurred in this judicial district.  The post-decree child custody proceedings and resulting magistrate's decision that have supposedly given rise to Klayman's claims all occurred in Cuyahoga County, Ohio, which is situated in the Eastern Division of the Northern District of Ohio.  The mere fact that Klayman resides in Florida does not establish that any part of the events or omissions giving rise to his claim occurred in Florida.

Plaintiff's Complaint should accordingly be dismissed pursuant to Fed.R.Civ.P. 12(b)(3).

C.      <u>**Failure to State a Claim Upon Which Relief May Be Granted**</u>

Klayman insists that he has stated some plausible claim for relief.   See Plaintiff's

Opposition at pp. 15-20.   Klayman does not identify any action by defendant Loeb that abridged

Klayman's rights under the establishment or free exercise clauses of the First Amendment.

Regardless of whether Klayman perceives that his religious views were being denigrated,

mocked, or mischaracterized, Klayman does not identify any court ruling that violated his First

Amendment rights.

Likewise, Klayman does not identify any action or court ruling that violated plaintiff's

rights to equal protection.   Klayman's assertion that he was treated differently from other

similarly situated individuals is without any factual substantiation.

And even if there were such rulings, Klayman's recourse was to appeal such rulings

through the Ohio state court system.   Under the doctrine derived from *Rooker v. Fidelity Trust*

*Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals*

*v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), a United States District Court

lacks jurisdiction when a state-court loser invites the district court to review and reject the state

court's judgment.   *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284,

125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).   *See also Lozman v. City of Riviera Beach, Fla.*, 713

F.3d 1066 (11th Cir. 2013).

Tellingly, Klayman's opposition and supplemental memorandum do not dispute that his

lawsuit here is essentially one against the trier of fact.   Klayman does not even try to defend the

basis for that kind of claim.

Insisting that Magistrate Loeb is not entitled to judicial immunity, Plaintiff's Opposition

says immunity is unavailable because the Domestic Relations Court website states that

"Magistrate are attorneys appointed by the Administrative Judge to whom motions or trial are referred for disposition." But the fact that magistrates are attorneys does not deprive them of the protections accorded to judicial officers. Indeed, judges are attorneys as well. If anything, the website description in layman's terms of magistrates and their critical role in the judicial process belies Klayman's assertion that Magistrate Loeb was a mere attorney lacking any judicial power in Klayman's years-long post-decree child custody proceedings.

Plaintiff's Supplemental Memorandum promised "new case authority" but delivers none. Ignoring for now another 11½ page introduction of belabored facts, Klayman does not cite any "new case authority" disputing that magistrates are judicial officers who are entitled to absolute immunity under the same conditions as are judges. *See Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). *See also King v. Myers,* 973 F.2d 354 (4th Cir. 1992). *See also Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985).

And there can be no doubt that Magistrate Loeb acted at all times in a judicial capacity while presiding over the child custody post-decree proceedings that had been referred to him pursuant to Ohio law. There would accordingly be no basis to deny him of the judicial immunity accorded to judicial officers under such circumstances.

In short, Plaintiff's Opposition and Plaintiff's Supplemental Memorandum do not provide any basis for maintenance of this action against Magistrate Loeb. Accordingly, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## **CONCLUSION**

Because Plaintiff's Opposition and Plaintiff's Supplemental Memorandum do not furnish

any basis for maintaining this action against defendant Loeb in this Court, defendant Loeb

respectfully renews his request that this action be dismissed pursuant to Fed.R.Civ.P. 12(b)(2),

12(b)(3), and/or 12(b)(6).

Respectfully submitted,

TIMOTHY J. McGINTY, Prosecuting Attorney
of Cuyahoga County, Ohio


By:   /s/ Charles E. Hannan
        CHARLES E. HANNAN (Ohio Bar No. 0037153)
        Assistant Prosecuting Attorney
        The Justice Center, Courts Tower, 8th Floor
        1200 Ontario Street
        Cleveland, Ohio 44113
        Tel: (216) 443-7758/Fax: (216) 443-7602
        E-mail: channan@prosecutor.cuyahogacounty.us


By:   /s/ Kim M. Hastings
        KIM M. HASTINGS (Florida Bar 0698253)
        KIM M. HASTINGS, P.A.
        23241 Marsh Landing Blvd.
        Estero, Florida 33928
        Tel: (239) 947-9195/Fax: (800) 851-7484
        kmhastings@kmhlegal.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the __10th__ day of October 2013, the foregoing Defendant Loeb's Reply Brief in Support of Defendant's Dispositive Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2); 12(b)(3); and/or 12(b)(6) was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ Charles E. Hannan
CHARLES E. HANNAN
Assistant Prosecuting Attorney


/s/ Kim M. Hastings
KIM M. HASTINGS